IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| VS. | § § § § § | CRIMINAL ACTION NO. 1:18-CR-32 |
| JEFFREY STUBBLEFIELD, | § | |

**MEMORANDUM OPINION AND ORDER**

Jeffrey Stubblefield pleaded guilty to possessing a stolen firearm, in violation of 18 USC § 922(j), and possessing an unregistered firearm, in violation of 26 USC § 5861(d). He was sentenced to a 59-month prison term, which he is serving at Springfield MCFP. He has served 38 months, or approximately 65 percent of his custodial term. He seeks a time-served sentence through compassionate release under 18 U.S.C. § 3582(c)(1), relying on medical conditions that increase his vulnerability to COVID-19. (Docket Entry No. 42). The government opposes the motion. (Docket Entry No. 44).

Stubblefield does have serious underlying medical conditions, and the court recognizes the COVID risk in prisons and jails, including in Springfield MCFP. But Stubblefield's medical conditions are not so severe as to warrant the relief he seeks, particularly since he has contracted — apparently without symptoms — and recovered from COVID, and he has now been fully vaccinated. For the reasons set out more fully below, the record does not justify the relief Stubblefield seeks, and it is denied.

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). But courts may reduce a defendant's

1

sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction. *Id.* (quoting § 3582(c)(1)(A), (c)(1)(A)(i)).

After a defendant has been sentenced to a term of imprisonment, a court "may reduce the term" if, after considering the 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The comments to the United States Sentencing Guidelines § 1B1.13 "provide four extraordinary and compelling reasons that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Id.* (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). A medical condition "might be sufficiently serious to warrant release" if the condition is either "terminal" or "substantially diminishes the [defendant's ability] to provide self-care." *Id.* (citing § 1B1.13 cmt. n.1(A)).

The court acknowledges the grave threat of COVID-19. At the Springfield MCFP, where Stubblefield is incarcerated, as of March 23, 2021, 1 inmate and 2 staff members tested positive for COVID. Since the pandemic began, 381 inmates and 247 staff members contracted the disease and recovered; 18 inmates died. *See* BOP COVID-19 Resource Page, https://www.bop.gov/coronavirus (last visited March 24, 2021). The BOP is taking significant steps to try to reduce the threat of further COVID infection in its facilities.

An inmate's medical conditions support compassionate release if those conditions "substantially diminish[] the ability of the defendant to provide self-care." U.S.S.G. § 1B1.13 cmt. n.1(A). An inmate who is at least 65, and who is experiencing a serious deterioration in physical or mental health and has served the lesser of 10 years or 75 percent of the sentence, may also present a compelling case for release. Stubblefield is 44, well below the ages that are most

vulnerable to COVID.  His medical records show that he is receiving treatment for type 2 diabetes, primary hypertension, and obesity.  All of these factors increase the risk of severe cases of COVID.  But Stubblefield contracted and recovered from COVID, apparently, despite his underlying conditions, without dangerous or relatively severe symptoms.  He has now received both doses of the vaccine.  He is expected to be released, with good time credit, in February 2022.  He has served too little of his sentence, and his medical conditions are not so severe, as to justify the compassionate early release he seeks.  He has not demonstrated "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A).

The § 3553(a) factors do not help Stubblefield.  His criminal history is long and troubling.  His criminal conduct includes possessing a number of stolen firearms and an unregistered, fully loaded pipe bomb.  The record precludes a finding that he is not a danger to the safety of another person or to the community.  U.S.S.G. § 1B1.13(2).  The § 3353(a) factors only add to the reasons for denying relief.

Stubblefield's motion for compassionate release, (Docket Entry No. 44), is denied.

SIGNED on April 20, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge